**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES W. BAXTER** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 05-295 Erie** |
| | ) | **District Judge Cohill** |
| **GANDER MOUNTAIN CORP.,  et al.,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION_____**

      It is  respectfully recommended that:

          a)      the motion to dismiss filed by Defendants Commonwealth of Pennsylvania and Pennsylvania State Police Central Repository [Document # 19] be granted;

          b)      the motion to dismiss filed by Defendant Millcreek Police [Document # 21] be granted;

          c)      the motion to dismiss filed by Defendant Gander Mountain Corporation [Document # 25] be granted; and

          d)      the motion to dismiss filed by Defendant Erie County Courthouse [Document # 34] be granted.

      As this Court declines to exercise supplemental jurisdiction over any state law claims raised within the complaints[1], this action should be dismissed in its entirety.

      By separate Order filed this day, Plaintiff's motion to "amend/correct complaint" [Document # 29] is granted.

---

      [1]  In light of the dismissal of the federal law claims and finding no consideration requiring the  retention of Plaintiff's state law claims, this Court, in its discretion and pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## II.    REPORT

### _____A.    Relevant Procedural and Factual History

On October 12, 2005, Plaintiff, acting *pro se*, filed this civil rights action.  Named as

Defendants are: Millcreek Police[2], Pennsylvania State Police Central Repository,

Commonwealth of Pennsylvania, Erie County Courthouse and Gander Mountain Corporation.

Plaintiff alleges that the Defendants have violated his rights under the Second

Amendment and the prohibition against double jeopardy, as well as under numerous state laws.

Plaintiff alleges:

> On 11-24-04 I had gone to Gander Mountain inside the Millcreek Mall and filled out an application to purchase a fire arm.  The Erie Police Department had shown up and arrested me stating that I had a summery [sic] warrant out on me.  The police had informed me that if I take care of the warrent [sic], that I would be able to go back to the store and re-apply for the firearm.  So I went to district justice Mr. Urbaniak's office and had cleared up the warrent [sic] issue.
>
> Two days later on 11-26-04 I returned to Gander Mountain and filled out another application to purchase a fire arm.  The application was denied, and the salesman had handed me a packet to fill out which would give me the reson [sic] why the application was rejected.  I was informed to fill out the forms and mail them to the state police.  So I filled them out and mailed them.  I have not herd [sic] any responce [sic] yet to the request.
>
> Six month later corpral [sic] David L. Edwards had telephoned me and had informed me that I had a felony warrent [sic] out against me and that I would have to get this sorted out.  So on 4-15-05 I went to the court house and was charged with 6111g4 (F.3d, 2 counts) and 4904 (m2, 2 counts) these charges were droped [sic] on the same day 4-15-05.  Then on 7-8-05 these charges were re-enstated [sic] and I had to appear in front of district justice Susan Strohmeyer, I was released under an O.R. bond, and now I am waiting to take this case to trial to prove my case.
>
> My case is this: under no time did I present Gander Mountain employees with false or misleading information, according to rules 18 Pa CSA 6105, 18 Pa CSA 6111(2)(2), 18 Pa.  Now this case was is being brought up again now inside the Erie County Court House it has no merrit [sic] and is illegal and has put tremendos [sic] mental stress on me from being detained to having to prove that Millcreek rewrote the laws to try to procecute [sic] me and Erie County Courthouse is OK with that the amount of suffering that I am going through is unmeasureable [sic].

Document # 3.  Plaintiff further alleges that he has experienced "unmeasureable [sic] stress and

_____

[2] Plaintiff has filed a motion to amend the complaint for the sole purpose of changing the name of Defendant Millcreek Police Department to Millcreek Township Police Department. Document # 29.  By separate Order issued this day, that motion will be granted.

suffering placed upon me since this ordeal began" and seeks millions of dollars in relief.

Each Defendant has filed a motion to dismiss and Plaintiff has filed an opposition brief. The issues are fully briefed and ripe for disposition by this Court.

### B.        Standards of Review

#### 1.        *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.        Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Langford v.

3

City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

### C.     Defendants Commonwealth of Pennsylvania and Pennsylvania State Police Central Repository

Defendants Commonwealth of Pennsylvania and Pennsylvania State Police Central Repository have moved for dismissal based upon immunity under the Eleventh Amendment. Document # 19.

The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities.  Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity).  The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative

4

history that it is its intention to permit such suits (<u>Board of Trustees of the University of Alabama</u> <u>v. Garrett</u>, 531 U.S. 356 (2001)).  The Pennsylvania State Police is a state agency entitled to Eleventh Amendment protections.  <u>Williams v. Pennsylvania State Police - Bureau of Liquor</u> <u>Control Enforcement</u>, 108 F.Supp.2d 460 (E.D. Pa. 2000).  Thus, unless the Commonwealth of Pennsylvania  has consented to suit here or the Congress has expressly abrogated this Eleventh Amendment immunity, neither of which has occurred, this case should be dismissed against the Commonwealth and the Commonwealth Police.

Therefore, the motion to dismiss filed by Defendants Commonwealth of Pennsylvania and the Pennsylvania State Police Central Repository should be granted.

> **D.    Defendants Millcreek Township Police Department and Erie County Courthouse**

Defendants Millcreek Township Police Department and Erie County Courthouse move to dismiss the complaint on the basis that they are not legal entities capable of being sued. Documents ## 21 and 34.

Neither Defendant Millcreek Township Police Department nor Defendant Erie County Courthouse is a legal entity capable of being sued under 42 U.S.C. § 1983.  <u>See</u> <u>Duffy v. County</u> <u>of Bucks</u>, 7 F.Supp.2d 569, 578 (E.D. 1998) ("The County of Bucks, Pennsylvania Sheriff's Office is not a suable entity and must be dismissed; the proper party would be the Bucks County Sheriff."); <u>Johnson v. City of Erie, Pennsylvania</u>, 834 F.Supp. 873, 878-79 (W.D. Pa.1993) ("The City of Erie Police Department is a sub-unit of the city government and, as such, is merely a vehicle through which the city fulfills its policing functions."); <u>Brinton v. Delaware County</u> <u>Adult Parole/Probation Dept</u>, 1988 WL 99681 (E.D. Pa.,1988) ("A courthouse is not a person within the meaning of § 1983.")

As such, Defendants Millcreek Township Police Department and Erie County Courthouse should be dismissed as parties to this action.

E.       **Defendant Gander Mountain Corporation**

Defendant Gander Mountain moves for the dismissal of this action because Plaintiff has failed to state a claim against it.

In order to establish liability under § 1983, a plaintiff must show that: 1) he was deprived of rights secured by the United States Constitution or laws of the United States, and 2) he was subjected or caused to be subjected to constitutional deprivations by persons acting under color of state law.  42 U.S.C.A.  § 1983.

Plaintiff argues that his rights under both the double jeopardy clause of the Fifth Amendment as well as his right to bear arms under the Second Amendment were violated by Defendant Gander Mountain.  Plaintiff cannot prevail on either theory.

"The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides: '[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb.'"  Monge v. California, 524 U.S. 721, 727 (1998).  The double jeopardy clause is simply not applicable to a private corporation and therefore, Plaintiff has failed to state a claim against Defendant Gander Mountain in this regard.

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." U.S. Const. Amend. II.  The United States Court of Appeals for the Third Circuit has been clear that there is no absolute right to firearms.  United States v. Rybar, 103 F.3d 273, 268 (3d Cir. 1996); United States v. Graves, 554 F.2d 65, 66 n.2  (3d Cir. 1977); Eckert v. City of Philadelphia, 477 F.2d 610 (3d Cir. 1973);see also Parker v. District of Columbia, 311 F.Supp.2d 103, 109 (D.D.C., 2004) ("Because this Court rejects the notion that there is an individual right to bear arms separate and apart from service in the Militia [...], plaintiffs have no viable claim under the Second Amendment of the United States Constitution.")..  And, more importantly in this case, Plaintiff has no constitutional right to buy a gun from Defendant Gander Mountain. Accordingly, Plaintiff has failed to state a claim against Defendant Gander Mountain in this regard.

6

III.   **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that:

a)   the motion to dismiss filed by Defendants Commonwealth of Pennsylvania and Pennsylvania State Police Central Repository [Document # 19] be granted;

b)   the motion to dismiss filed by Defendant Millcreek Police [Document # 21] be granted;

c)   the motion to dismiss filed by Defendant Gander Mountain Corporation [Document # 25] be granted; and

d)   the motion to dismiss filed by Defendant Erie County Courthouse [Document # 34] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: October 25, 2006

7